**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-11016 |
| | ) | Honorable Dana L. Rasure |
| Sherry Kaye Marshall, | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(A)**
**AND NOTICE OF OPPORTUNITY FOR HEARING**
**AND REQUEST FOR WAIVER OF 14 DAY STAY**
<u>**UNDER BANKRUPTCY RULE 4001(a)(3)**</u>

COMES NOW Secured Creditor, Reverse Mortgage Solutions, Inc., by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on May 22, 2017.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On May 17, 2013, Sherry Marshall executed and delivered a Promissory Note ("Note") and a Reverse Mortgage ("Mortgage") securing payment of the Note up to the maximum principal amount of $99,000.00 to American Advisors Group. The Mortgage was recorded on June 27, 2013 as Document ID Number 2013064586 of the Public Records of Tulsa County, Oklahoma. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with

any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The Mortgage provides Secured Creditor a lien on the real property located in Tulsa County, Oklahoma, and legally described as stated in Composite Exhibit "A." This property is located at the street address of: 5307 South Quincy Ave., Tulsa, OK 74105.

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in post-petition default, since August 1, 2017. The terms and conditions of the Note and Mortgage are in default due to failure to perform an obligation under the mortgage by failing to maintain taxes and insurance in the amount of $1,285.00.

6. As of January 9, 2018, Secured Creditor is due the following amount:

| Loan Balance | $31,486.33 |
|---|---|
| Interest on Loan Balance | $8,602.65 |
| MIP on Loan Balance | $3,445.17 |
| Corp. Advance Borrower Amount | $10,763.57 |
| Total Payoff | $54,297.72 |

Documentation supporting this claim is attached hereto as Exhibit "B."

7. According to Tulsa County Assessor's Office, the value of the property is $77,300.00. *See* Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8). There is no equity in the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor' failure to comply with the terms of the subject loan documents while

Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected.  You should read this document carefully and consult your attorney about your rights and the effect of this document.**  If you do not want the court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the clerk of the united states bankruptcy court for the northern district of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than **14 days** from the date of filing of this request for relief.  You should also serve a file-stamped copy of your response or objection to the undersigned movant's attorney [and others who are required to be served] and file a certificate of service with the court.  If no response or objection is timely filed, the court may grant the requested relief without a hearing or further notice.  **The 14 day period includes 3 days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f)**

WHEREFORE, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

By: **/s/ Kathryn A. Klein**
Kathryn A. Klein MO Bar #35874
7700 Bonhomme Avenue, 7th Floor
St. Louis, MO  63105
(314) 727-0101
Attorneys for Reverse Mortgage Solutions
rb_bank@riezmanberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2018, a true and correct copy of the Motion for Relief from the Automatic Stay filed on March 16, 2018 was forwarded via U.S. Mail, first class, postage prepaid and properly addressed on the following at the addresses shown below:

| | |
|---|---|
| Sherry Kaye Marshall<br>5307 South Quincy Ave.<br>Tulsa, OK 74105 | Debtor |

and was electronically served using the CM/ECF system on:

| | |
|---|---|
| Greggory T. Colpitts | Attorney for Debtor |
| Lonnie D. Eck | Chapter 13 Trustee |
| Office of the United States Trustee | United States Trustee |

By: **/s/ Kathryn A. Klein**
Kathryn A. Klein MO Bar #35874
7700 Bonhomme Avenue, 7th Floor
St. Louis, MO  63105
(314) 727-0101
Attorneys for Reverse Mortgage Solutions
rb_bank@riezmanberger.com